NO. 07-09-0054-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2009
_____

FRANKIE LEE CADA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17878-0812; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.[1]

**ON ABATEMENT AND REMAND**

Appellant, Frankie Lee Cada, appeals from a trial court  judgment pronounced on January 27, 2009, and filed notice of appeal on February 5.  The appellate record was due by March 30, 2009.  TEX. R. APP. P. 35.2(b).  The court clerk filed the clerk's record on March 20.  The court reporter has requested three previous extensions of time to file the reporter's record on April 20, May 15, and June 29, all of which were granted.  The court reporter's monthly report on June 29 indicated that the court reporter has recently

_____

    [1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assingment.

completed the reporter's record in another case consisting of more than 5,000 pages. Further, the report indicated a possible trial week for July 20-24. On the current monthly report, the court reporter indicates five pending appellate cases, with an estimated total page count of over 2,000 pages, all of the cases with record due dates in August. Furthermore, the report indicates a travel week on August 3-7, jury weeks on August 10-20, and another travel week on August 23-27. We note that the 64th Judicial District covers Hale, Swisher, and Castro counties. Although the court reporter has answered all of our inquiries and has diligently notified this court of her workload, this court has a responsibility to ensure the timely filing of the appellate record. See Tex. R. App. R. 35.3(c).

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. See Tex. R. App. P. 35.3(c). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   whether the reporter's record can reasonably be filed in a manner that does not further delay this appeal or have the practical effect of depriving appellant of the right to appeal, and

2.   whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments

presented at the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the clerk of this court on or before August 21, 2009. Should further time be needed by the trial court to perform these tasks, then same must be requested before August 21, 2009.

It is so ordered.

Per Curiam

Do not publish.